COLLINS *vs*. THE STATE OF GEORGIA.

78    87
96    300

78    87
110    257

1. Where a defendant was indicted for using obscene and vulgar language in the presence of a female, it was competent and material for him to show that such female used language to him sufficient to provoke his reply containing the language for using which he was indicted. The absence of a witness to prove such a fact was not material.

(*a*) Where a motion for continuance, on the ground of the absence of a witness, was made, the movant should have shown that the witness was not absent by his procurement or consent, and that he expected to procure his attendance at the next term of the court. Having failed to do this, the refusal of a continuance will be affirmed, although based by the court on an erroneous reason.

2. When the conduct or action of the presiding judge is complained of, the party complaining must show affirmatively that such action has caused him injury or damage in some way. Where, soon after the jury had been charged and retired to their room, the court directed the sheriff to say to them that if they were likely soon to agree, their services were needed in the court-room as soon as they had agreed on a verdict, and the sheriff so stated to them; and where it did not appear that any harm resulted to the accused therefrom, this will not require the grant of a new trial.

November 9, 1886.

Criminal Law.    Witness.    Practice in Superior Court. Jury and Jurors.    Before Judge CARSWELL.    Tattnall Superior Court.    April Term, 1886.

Reported in the decision.

H. J. McGee; T. H. Potter, for plaintiff in error.

O. H. Rogers, solicitor-general, by B. D. Evans, Jr., for the State.

Blandford, Justice.

The plaintiff in error was indicted, under section 4372 of the code, for using obscene and vulgar language in the presence of a female. Upon being convicted, he moved for a new trial, and upon being denied his motion, he brings the case here and assigns as error the grounds taken in his motion for new trial.

1. The accused moved for a continuance upon the ground of the absence of a witness who had been subpœnaed, by whom he could prove that the female said to accused, " By God, if your debts were paid, you would not have anything, if it were not for old Elly Warner." The movant failed to state that the witness was not absent by his procurement and consent, and that he expected to procure his attendance at the next term of the court. This motion was overruled by the court upon the ground that the evidence was immaterial. We differ with the court as to the materiality of this evidence, for, under the statute, it is provided, "Any person who shall, without provocation, use to or of another, . . . or who shall, in like manner, use any vulgar or obscene language in the presence of a female, . . . ." Whether the language used by the female is provocation sufficient to excuse the reply of the accused, which reply was, "If you and your husband was on the stand, I could buy you both, God damn you," or not, was a question for the jury. Yet the court did right to refuse the motion to continue, because the accused failed to bring himself up to and within the rule as to showing for continuances, the rule being that, if there is any proper ground on which to rest the ruling of the court be-

low, this court will put the decision on that ground, however wrong the court might have been in its reasons for the decision.

2. The next ground in the assignment of error is, that after the jury had been charged with the case and retired to the jury-room, soon thereafter the court directed the sheriff to say to them, which he did, "that if they were likely soon to agree, their services were needed in the court-room as soon as they had agreed on a verdict." Whenever the conduct or action of the judge is complained of, the party complaining must show affirmatively that such action has caused him injury or damage in some way. Such does not appear to have been done in this case. What the court did is apparently harmless, as affecting any rights of the accused. He was proved to have been guilty beyond all question; besides, we cannot say that the act complained of was not entirely proper. So the judgment of the court below will have to be affirmed.