## MEADERS *v.* THE STATE.

1. A wrongful trespass upon personal property in the presence of its owner may or may not amount to such provocation as will justify the latter in using to the wrong-doer on the spot opprobrious words or abusive language tending to cause a breach of the peace. When in a prosecution for using language of this kind such a trespass is alleged by the accused as his provocation for so doing, it should be left to the jury to determine whether or not there was in fact such a trespass, and if so, whether or not it was in their judgment sufficient to justify the accused.
2. After passing sentence in a criminal case and reducing the same to writing, the court should not change it and make the penalty more severe simply because counsel for the accused gave notice of his intention to move for a new trial.

May 13, 1895.

Indictment for opprobrious words. Before Judge KIMSEY. White superior court. April term, 1895.

J. W. H. UNDERWOOD and H. H. DEAN, for plaintiff in error. HOWARD THOMPSON, solicitor-general, and F. M. JOHNSON, *contra.*

SIMMONS, Chief Justice.

1. The plaintiff in error was indicted under section 4372 of the code, which declares that "any person who shall, without provocation, use to or of another, and in his presence, opprobrious words, or abusive language tending to cause a breach of the peace, . . . shall be guilty of a misdemeanor," etc. In order to convict under this section, the State must prove that the words were used without provocation; and if the accused defends on the ground that he had provocation, this defense raises an issue which must be submitted to the jury. The evidence in this case shows that there was a line fence between the premises of the accused and those of the prosecutor's father, and that in the absence of the accused the prosecutor and his father, with others, tore down the fence and moved it to another place, and were thus engaged when the accused came upon the scene. He did not know until then that they were tearing down and carrying off the fence, and it was immediately upon his arrival on the scene that he used the language for which he was indicted. The court instructed the jury, in substance, that under this state of facts the accused was not justifiable in using the words. The court thus assumed to pass upon the defense of the accused without submitting it to the jury, and thereby decided that the conduct of the prosecutor was not a sufficient provocation. We think this was error. It was for the jury to say whether there was a provocation, and if so, whether it was sufficient to justify the accused in the language attributed to him. See *Collins* v. *The State*, 78 *Ga.* 88.

2. It is complained in the bill of exceptions, that after the verdict was rendered and the court had pronounced a sentence of $25 fine or twelve months in the chain-gang, and the defendant gave notice of a motion for a new trial, the court asked defendant's counsel whether, if the case was affirmed, the court would have the right

to resentence the defendant; to which counsel replied that he did not think the sentence could be changed in such event, whereupon the court said, "Well, I can change the sentence now; I will change it to $50," and struck out the words "twenty-five" and inserted "fifty" in their place. It is alleged that the court had no right to alter the sentence or make the penalty more severe, and that this was a punishment imposed upon the defendant for giving notice of a motion for a new trial. As a general rule, the judgments of a court are within its breast until the end of the term, and a sentence may be amended at any time during the term and before execution has begun. 21 Am. & Eng. Enc. of Law, Sentence, p. 1084; and see *C., R. & C. Railroad Co.* v. *Jackson*, 86 *Ga.* 684, and citations. But while the court had a right to change the sentence at the time he did, it was not proper to change it because counsel for the accused gave notice of an intention to move for a trial. The presumption is that the sentence first imposed was in the opinion of the court a proper punishment for the offense, and no further reason for changing it appears from the record than that stated in the bill of exceptions. While we do not hold that the judgment of the court below should be reversed because of the change of the sentence under these circumstances, we deem it proper to signify our disapproval of the practice.     *Judgment reversed.*