## DYER *v.* THE STATE.

1. The mere fact that opprobrious words tending to cause a breach of the peace, spoken to another, are themselves true, is not a legal provocation for their use. In other words, the fact that a man is a liar or a thief is not of itself alone a legal justification for telling him so.

2. On a trial for a violation of section 4372 of the code by the use of such words, the court ought not to charge the jury that *any*

provocation will justify their use, the question of the sufficiency of the provocation being one for the jury.

3. An indictment for a violation of this section, so far as relates to proving the use of the words charged, is sustained if the evidence shows that the accused used the language set forth in the indictment, or its substance, or substantially similar language, that is, words having the same effect and meaning; it is certainly enough if some of the words be proved precisely as laid, and the words thus proved, when used without provocation, amount to an indictable offense under this section.
March 30, 1896.

*Certiorari.* Before Judge Milner. Bartow superior court. January term, 1896.

*J. W. Harris, Jr.,* for plaintiff in error.

*A. W. Fite, solicitor-general,* by *A. S. Johnson,* contra.

SIMMONS, Chief Justice.

The plaintiff in error was tried upon a presentment charging him with using the following opprobrious words and abusive language tending to cause a breach of the peace, to and of Monroe Gillespie and in his presence: "You swore a God damned infernal lie, God damn you." The case came to this court upon exceptions to the overruling of his motion for a new trial.

1. It is complained that the trial judge erred in refusing to charge, as requested by the accused: "If Gillespie swore to a lie in a case against the defendant, you can consider that fact and determine whether that was provocation for telling Gillespie that he had sworn to a lie; and if you find that that was provocation for defendant's words, then you cannot convict this defendant." The court was right in refusing this request. The mere fact that opprobrious words tending to cause a breach of the peace are themselves true, is not a legal provocation for their use. In other words, the fact that a man is a liar or a thief is not of itself alone a legal justification for telling him so. The gist of the defense is the use of language to or of another in his presence which is calculated to cause a breach of the

peace, and if it is language of this character, it makes no difference whether it is true or false. (Code, §4372.)

2. It is also complained that the court erred in refusing to charge: "Any provocation shown will justify opprobrious words. . . If there was any provocation you must find (the accused) not guilty." The court did not err in refusing to give this in charge. It is not the law that "any" provocation will justify the use of opprobrious words. A provocation may exist, and yet not be a sufficient provocation. It may be very slight and altogether inadequate to justify the use of language of an extremely insulting and opprobrious character. There must be sufficient provocation, and whether it is sufficient or not is a question for the jury. To instruct them that "any" provocation is a justification for the use of the words is to take the question from them. See *Meaders* v. *State*, 96 Ga. 299, 22 S. E. Rep. 527.

3. The opprobrious words set out in the indictment were: "You swore a God damned infernal lie, God damn you." The person of whom these words were alleged to have been spoken testified: "Defendant said I had sworn a God damned infernal lie in court that day. He said, 'You swore a damned lie, a God damned infernal lie.'" The court charged: "The State is not obliged in this case to prove the exact words alleged in the bill of indictment. It is sufficient if the testimony shows that the defendant used the language charged, or the substance of the language charged, or substantially similar words to those charged, that is the substance of the words charged." The court also charged, the State must prove enough of the words charged to amount to opprobrious words without provocation. It was complained that this was error, because the accused was not put on notice of any other words than those alleged in the indictment, and was not prepared to meet proof touching similar expressions. There is no merit in this exception. The language in proof was the

language set out in the indictment, except that the indictment charged the use of the additional words "God damn you." The accused was therefore put on notice of the language actually proven. The rule on this subject is stated in Wharton's Criminal Pleading and Practice, §203, as follows: "Where words are of the gist of the offence, . . the words themselves must be laid, but only the substance need be proved. . . If some of the words be proved as laid, and the words so proved amount to an indictable offence, it will be sufficient." And in Clark's Criminal Procedure, p. 334, it is said: "By the weight of authority, where spoken words are alleged in the indictment, as in an indictment for perjury, slander, profane cursing, . . all that is necessary is to prove the words substantially as alleged, and to prove so much of them as is sufficient to make out the offense. A variance in a word, or in several words, where the sense is not in any degree changed, will not be fatal."

The evidence warranted the verdict, and there was no error in denying a new trial.　　　　*Judgment affirmed.*