## WILLIAMS *v.* THE STATE.

Wrongfully entering and taking possession of the place of business of another in his absence, remaining in possession until his return, and refusing to leave when requested to do so by him, may or may not amount to such provocation as will justify the owner in using to the wrong-doer, upon his refusal to leave, opprobrious words and abusive language tending to cause a breach of the peace. On the trial of an indictment against the owner for using language of the character

above referred to, it should be left to the jury to determine whether or not, in their judgment, the circumstances were such as to justify the accused.

Submitted October 3, — Decided October 12, 1898.

Indictment for using opprobrious words. Before Judge Sweat. Coffee superior court. June 13, 1898.

*Quincey & McDonald,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.

COBB, J. The accused was indicted under that section of the Penal Code which declares that, "any person who shall, without provocation, use to, or of, another, and in his presence, opprobrious words or abusive language, tending to cause a breach of the peace," shall be guilty of a misdemeanor. Penal Code, §396. It appeared from the evidence that the prosecutor was summoned by the marshal of the town to aid in the arrest of the accused, who was charged with a violation of a city ordinance; that the prosecutor went to the place of business of the accused, a livery-stable, and, as he claimed, by direction of the sheriff, who had a warrant charging the accused with an offense against the State, took charge of the stable in the absence of the accused; that the accused, coming in shortly thereafter, found the prosecutor in possession of the stable with a hatchet in his hand. Accused asked the prosecutor what he was doing there, and told him to leave, which prosecutor refused to do. Whereupon the accused used the opprobrious language which is alleged in the indictment. It appeared that, after the words were used, the prosecutor closed up the stable of the accused and nailed boards across the door. From the statement of the prisoner it appeared that, when he ordered prosecutor to leave the stable, his refusal to do so was accompanied with the use of profane language. The judge charged the jury, in effect, that, under the evidence, there was no provocation given by the prosecutor to justify the use of the words charged in the indictment. We think this was error. In the case of *Meaders v. State,* 96 *Ga.* 299, the court instructed the jury that, under a given state of facts, the accused was not justified in using certain opprobrious words. In commenting upon this charge, Chief Justice Sim-

mons says: "The court thus assumed to pass upon the defense of the accused without submitting it to the jury, and thereby decided that the conduct of the prosecutor was not a sufficient provocation. We think this was error. It was for the jury to say whether there was a provocation, and if so, whether it was sufficient to justify the accused in the language attributed to him." See also *Dyer* v. *State*, 99 *Ga.* 20. The case should be tried again, and a jury allowed, under proper instructions, to pass upon the question as to whether, under all the facts and circumstances, the accused was justifiable in using to the prosecutor the language charged in the indictment.

> *Judgment reversed. All the Justices concurring.*