### FISH *v.* THE STATE.

COBB, P. J. On the trial of one indicted for using opprobrious words and abusive language, it is for the jury to determine whether under all the facts and circumstances the words used were of such a character that the use of them was calculated to cause a breach of the peace, as well as to determine whether there was provocation sufficient to excuse their use. It is therefore error for the judge to instruct the jury as matter of law that the words alleged in the indictment are opprobrious and abusive within the meaning of the statute, and that a given set of facts would not be a sufficient provocation for their use. *Williams* v. *State*, 105 *Ga.* 608; *Echols* v. *State*, 110 *Ga.* 257; *Hanson* v. *State*, 114 *Ga.* 104. ·

*Judgment reversed. All the Justices concur.*

Submitted November 20,—Decided December 21, 1905.

Certiorari. Before Judge Holden. Hancock superior court. September 28, 1905.

Fish was tried before a jury in the county court, and convicted, under an indictment which charged that the accused, "without provocation, did . . unlawfully use to and of one J. W. Usry, and in his presence, the following opprobrious words and abusive language: 'You swore a lie;' repeatedly using said language; said words and language then and there tending to cause a breach of the peace," etc. The accused, in his statement to the jury, said that he said to J. W. Usry, "You swore to a lie. You swore that I sold you some whisky." Others testified to the same effect. Usry testified that he did not swear that Fish sold whisky to him. There was evidence that Fish had been indicted for selling whisky to him, and that he was a witness against Fish before the grand jury. Among the instructions of the court to the jury were the following: "I charge you that the words set out in this indictment, to wit, that 'You swore to a lie' (meaning J. W. Usry), are opprobrious words and abusive language, in the meaning of the statute; and in this

connection I charge you that if the evidence shows you, and you believe, that Usry had sworn that he had ever bought liquor of Fish, and that such swearing was false on the part of Usry, then the provocation would be justifiable, and Fish, in using the words set out in the indictment, would not be guilty; but if Usry had not so sworn, then no provocation would exist." In his petition for certiorari, the overruling of which is assigned as error, the accused excepted to the instructions of the court on this subject.

*R. H. Lewis,* for plaintiff in error.

*D. W. Meadow, solicitor-general,* and *R. W. Moore,* contra.