## 2479. DOWLING *v.* THE STATE.

1. On the trial of an indictment for using, without provocation, vulgar, obscene, and profane language in the presence of a female, it is incumbent upon the State to prove that the words were used without provocation; but where the State shows all the facts and circumstances in connection with the use of the objectionable words, it is exclusively for the jury to determine whether they were used without provocation.

2. On the trial of a misdemeanor the judge, in compliance with a timely request of counsel, reduced to writing his charge and read it to the jury, who, after retiring to consider of their verdict, returned into court and asked the judge if they were authorized, in the event of conviction, to recommend mercy; and the judge informed them orally that they could do so if they wished, but that such recommendation would have no legal effect and would not be binding on the court. *Held*, that this statement to the jury was not an "additional charge," within the meaning of section 1030 of the Penal Code, and the judge did not err in making it orally.

3. No error of law appears, and the evidence supports the verdict.

Certiorari; from Pierce superior court—Judge Parker. January 29, 1910.

Submitted March 22,—Decided April 6, 1910.

*James R. Thomas*, for plaintiff in error.

*J. H. Thomas*, solicitor-general, *S. F. Memory*, contra.

HILL, C. J. The plaintiff in error was convicted, in the county court, of a violation of section 396 of the Penal Code, in that, without provocation, he did use vulgar, obscene, and profane language in the presence of a female. His petition for certiorari was overruled by the judge of the superior court. On his trial he did not deny the use of the words charged against him, nor was any question made as to their objectionable character, but he insisted that they were not used without provocation, and that to authorize a conviction, it was incumbent upon the State to prove that they were used without provocation.

1. It is an essential principle of this offense that the words must be used without provocation, and it is incumbent upon the

State to prove that they were so used, but what amounts to provocation is to be determined in each case as a question of fact by the jury. They must determine the question under all the surrounding circumstances. The law can not lay down any inflexible rule on the subject. The jury must decide it in each case in the light of the facts and circumstances, and in accordance with their experience and judgment. In this case the conduct and language of the prosecutor may have provoked the language used by the defendant, but whether the provocation was sufficient to excuse or justify the use of the objectionable language in the presence of a female was settled by the verdict; and this court can not say that the finding was unauthorized.

2. The judge, in compliance with a timely request, wrote out his charge and read it to the jury. After the jury had been considering of their verdict for some little while, they came into court, and the foreman inquired of the judge whether the jury, in the event they should find a verdict of guilty, would have the right to recommend the defendant to the mercy of the court. The judge told them that they could make such a recommendation if they desired to do so, but that it would have no legal effect and would not be binding upon the court. Counsel for the plaintiff in error insists that this was error, in that it added orally to the written charge which had been read. We do not think this reply by the judge to the query of the jury was, as contended by counsel for the plaintiff in error, an "additional charge," within the meaning of section 1030 of the Penal Code (Civil Code, §4318), as amended by the act of 1897 (Acts 1897, p. 41). The Supreme Court, in the case of *Harris* v. *McArthur,* 90 *Ga.* 217 (4), (15 S. E. 758), construed the words "charges" and "charge" as embracing "any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding them to make a final disposition of the case in favor of one litigant or the other." As has been held by the Supreme Court and this court, the principal object in requiring the charge to be reduced to writing, and read to the jury as written, and then filed with the clerk of the court, is to prevent disputes between the judge and counsel as to what was the charge. Now, for the judge to tell the jury that if they wished they could recommend the defendant to the mercy of the court, but that such recommendation would not be binding·upon

the court, could not, we think, be construed to be a "charge" to the jury on any question of law relating to the case, and there could not possibly arise from such statement to the jury any dispute between court and counsel. It is insisted by the learned counsel for plaintiff in error that this statement of the judge to the jury induced them to find a verdict against the defendant. How can this conclusion be correct, when the judge expressly told the jury that such recommendation would have no legal effect and would not be binding upon him? We think the matter wholly inconsequential.

3. There are some other errors assigned, but the two above noted are those principally insisted upon, and all of them are, in our opinion, without any substantial merit. The only question in the case was whether or not the language admitted to have been used by the defendant was used by him in the presence of a female without provocation; and this, as above stated, was exclusively a question for the jury.                    *Judgment affirmed.*