## 5245.  JACKSON v. THE STATE.

On the trial of one indicted for using opprobrious words, it is for the jury to determine whether under all the facts and circumstances the words used were words tending to cause a breach of the peace, and whether there was provocation sufficient to excuse their use. It was therefore error to instruct the jury that if they should find that the defendant used the alleged opprobrious words, they would be authorized to find him guilty.

DECIDED NOVEMBER 25, 1913.

Indictment for misdemeanor; from Tattnall superior court— Judge Sheppard.  August 19, 1913.

*J. V. Kelley*, for plaintiff in error.

*N. J. Norman, solicitor-general*, contra.

ROAN, J.  The defendant was indicted under section 387 of the Penal Code, the indictment charging him with using opprobrious language to and of another and in his presence, without provocation, tending to a breach of the peace.  On his trial he was convicted, and, the court overruling his motion for a new trial, he assigns error thereon.  The main ground of his motion was that the court erred in instructing the jury that if they should find that the defendant used to and in the presence of Gordon Youmans the words set out in the indictment, to wit, "God damn you, why don't you get out of the road?" they would be authorized to find the defendant guilty; the error alleged being that the instruction negatived the right of the jury to find whether the language used tended to a breach of the peace, that it was in effect an instruction that if the defendant used this language, they should find him guilty even though the facts and circumstances failed to show that it tended to a breach of the peace.

We think the exception to the charge is well taken.  Nowhere else in the charge is there any other or different instruction to the jury on this point; and as the law expressly leaves to the determination of the jury the question whether the alleged opprobrious words were likely to cause a breach of the peace, and as the court's instruction in effect took that question from the jury, the instruction complained of was erroneous, and for this reason the case must be sent back for a new trial.  *Fish* v. *State.* 124 *Ga.* 416 (52 S. E. 737) ; *Hanson* v. *State,* 114 *Ga.* 104 (39 S. E. 942).

*Judgment reversed.*