7025.   WIGGINS *v.* THE STATE.

WADE, J. 1. The fact that the opprobrious epithet alleged to have been used by the defendant was in the plural number and applicable to others in addition to the person to whom it was alleged to have been directed was not a sufficient ground for quashing an indictment under section 387 of the Penal Code of 1910.  Nor was the indictment otherwise defective.

2. Though section 749 of the Penal Code of 1895 (Park's Annotated Code, vol. 6, § 790 (p) ) provides that in a county court "the trial and judgment shall be by the court, without a jury, in all criminal cases, where a jury trial is not demanded by the accused," one tried before a jury in such a court without any such demand by him, but without objection on his part, will not thereafter be heard to urge, as a ground for setting aside a verdict against him, the fact that he made no demand for a jury trial.  He can not voluntarily take his chance of acquittal by a jury and thereafter object that he did not consent to such a trial, but will be held to have waived the irregularity.

3. There is no substantial merit in the complaint that the court erred in allowing a witness to testify that the accused called him a "damned hog-stealing son of a bitch," though the words that the indictment alleged were used to the witness were: "You are God damned hog-thieving sons of bitches." The uncontradicted evidence showed that the accused used also the exact language charged in the indictment, except that the word "stealing" was used instead of "thieving;" and the accused himself, in his statement to the jury, admitted that it was probable that he used the words charged. An allegation as to the words used is sustained if the evidence shows the use of substantially the same or similar language,—that is, words having the same effect and meaning. *Dyer* v. *State*, 99 *Ga.* 20 (3), 22 (25 S. E. 609, 59 Am. St. R. 228).

4. The sufficiency of the provocation relied upon to justify the use of opprobrious words or abusive language to or of another and in his presence, tending to cause a breach of the peace (Penal Code, § 387), is a question for the jury. *Dyer* v. *State*, supra; *Collins* v. *State*, 78 *Ga.* 87, 88; *Meaders* v. *State*, 96 *Ga.* 299, 300 (22 S. E. 527); *Williams* v. *State*, 105 *Ga.* 608 (31 S. E. 738); *Echols* v. *State*, 110 *Ga.* 257 (34 S. E. 289); *Hanson* v. *State*, 114 *Ga.* 104 (39 S. E. 942); *Dowling* v. *State*, 7 *Ga. App.* 613 (67 S. E. 697); *Hamilton* v. *State*, 9 *Ga. App.* 402 (71 S. E. 593). Whether or not the provocation was adequate being a question solely for determination by the jury, this court can not say that their finding on this issue was contrary to law, under the facts in this case.

5. The complaint that the county court had no authority to sentence the defendant to the prison farm of the State of Georgia, being expressly abandoned, need not be considered.

6. There is no merit in the contention that the general county-court law was repealed by the adoption of the Code of 1910, from which the sections relating thereto were omitted, and that as the court in which this case was tried was established under that law, the verdict and judgment could not be enforced. See Civil Code of 1895, §§ 4170-4217; Penal Code of 1895, §§ 735-776; Park's Annotated Code, vol. 4, pp. 2966-2981; vol. 6, pp. 422-434. "A valid statute of this State in existence at the date of the adoption of the code, but omitted therefrom through mistake or oversight, is still of force, unless expressly or by necessary implication repealed by a subsequent statute, or by some provision of the code. *Hicks* v. *Moyer*, 10 *Ga. App.* 488 (73 S. E. 654), and citations." *Farley* v. *State*, 12 *Ga. App.* 643 (2), 644 (67 S. E. 1131).

(a) Besides, "the writ of certiorari can not be used to bring in question the legal existence of the court to which the writ is directed." *Bass* v. *Milledgeville*, 122 *Ga.* 177 (50 S. E. 59); *Morton* v. *Rome*, 10 *Ga. App.* 604 (73 S. E. 1073). The writ can not be directed to a court which under the allegations in the petition for certiorari has in fact no valid existence.

7. The judge of the superior court did not err in declining to sanction the certiorari.                                         *Judgment affirmed.*

DECIDED MARCH 24, 1916.

Petition for certiorari; from Wayne superior court—Judge Highsmith. October 25, 1915.

*F. H. Harris,* for plaintiff in error.

*J. H. Thomas, solicitor-general, W. B. Gibbs,* contra.