24113.   WILSON v. THE STATE.

SUBMITTED JUNE 13, 1967—DECIDED JULY 14, 1967—
REHEARING DENIED JULY 27, 1967.

*Howard Moore, Jr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Robert Sparks,* for appellee.

MOBLEY, Justice.   Johnny C. Wilson was indicted and convicted on two counts of assault and battery and two counts of using opprobrious words and abusive language.   He appeals from the denial of his motion for new trial, as amended, and of

his motion in arrest of judgment, enumerating five assignments of error.

■ The first assignment of error is the overruling of the general demurrer to Counts 3 and 4 of the indictment, on the ground that *Code Ann.* § 26-6303, upon which they are founded, "fails to give defendant adequate notice of the utterances which fall within its ambit and fails to set forth ascertainable standard of guilt," in violation of the First and Fourteenth Amendments of the Constitution of the United States (*Code* §§ 1-801, 1-815) and Art. I, Sec. I, Par. III of the Constitution of the State of Georgia (*Code Ann.* § 2-103).

The defendant was charged with violating the following portion of *Code* § 26-6303, as amended: "Any person who shall, without provocation, use to or of another, and in his presence, . . . opprobrious words or abusive language, tending to cause a breach of the peace, . . . shall be guilty of a misdemeanor." "Statutory language in defining a criminal offense which conveys a definite meaning as to proscribed conduct when measured by common understanding and practice satisfies due process requirements." *Jones v. State,* 219 Ga. 848, 850 (136 SE2d 358); *Fowler v. State,* 189 Ga. 733 (1) (8 SE2d 77); *Millhollan v. State,* 221 Ga. 165 (143 SE2d 730); United States v. Petrillo, 332 U. S. 1 (67 SC 1538, 91 LE 1877); Roth v. United States, 354 U. S. 476 (77 SC 1304, 1 LE2d 1498). The language of *Code Ann.* § 26-6303 which the defendant was charged with violating conveys a definite meaning as to the conduct forbidden, measured by common understanding and practice. While it is a matter for jury determination in each case whether under all the facts and circumstances the words used were of such character that their use was calculated to cause a breach of the peace, as well as to determine whether there was provocation sufficient to excuse their use (*Fish v. State,* 124 Ga. 416 (52 SE 737)), this does not make the statute so vague, indefinite, and uncertain as to render it unconstitutional. *Berta v. State,* 223 Ga. 267, 271 (154 SE2d 594).

The statute is not unconstitutional on the ground stated in the demurrer.

■ The second and third assignments of error complain of the

overruling of the defendant's general and special demurrers to the indictment. Count 3 of the indictment alleged that the accused "did without provocation use to and of M. G. Redding and in his presence, the following abusive language and opprobrious words, tending to cause a breach of the peace: 'White son of a bitch, I'll kill you.' 'You son of a bitch, I'll choke you to death.' " Count 4 alleged that the defendant "did without provocation use to and of T. L. Raborn, and in his presence, the following abusive language and opprobrious words, tending to cause a breach of the peace: 'You son of a bitch, if you ever put your hands on me again, I'll cut you all to pieces.' "

The general demurrers assert that these allegations are insufficient to state an offense under the laws of Georgia because it is not alleged that the words spoken were taken or understood in other than their ordinary sense, or that they were intended to be otherwise construed. The special demurrers assert that the allegations that the defendant used "abusive language and opprobrious words, tending to cause a breach of the peace," are mere conclusions of the pleader without facts being alleged to show in what manner the words are abusive or opprobrious or in what manner they tended to cause a breach of the peace, so as to enable the defendant to prepare his defense.

The words charged were within themselves opprobrious and abusive (*Shields v. State*, 89 Ga. 549 (16 SE 66)), and it was not necessary to allege in what manner they were opprobrious and abusive. It is for the jury to determine, under the facts and circumstances of each case whether the words used tended to cause a breach of the peace. *Fish v. State*, 124 Ga. 416, supra; *Jackson v. State*, 14 Ga. App. 19 (80 SE 20). It is not necessary that the indictment show in what manner they tended to cause a breach of the peace.

■ The fourth error enumerated is the denial of the defendant's motion in arrest of judgment on the ground that Counts 1 and 2 of the indictment, charging the offense of assault and battery, include and incorporate the offense of using opprobrious and abusive language in Counts 3 and 4. It is asserted that the defendant was thereby denied due process and equal protection of the law in violation of the Fourteenth Amendment of the Con-

stitution of the United States. The misdemeanors charged in the first two counts of the indictment are entirely separate and distinct offenses from those charged in the third and fourth counts, and it was not error to deny the motion in arrest of judgment.

■ The final assignment of error contends that the judgment denying the defendant's motion for new trial, as amended, denied the defendant's constitutional right of due process of law. It is argued in the brief for the defendant that the evidence was insufficient to support the verdict on each count of the indictment.

The defendant was one of a group of persons who, on August 18, 1966, picketed the building in which the 12th Corps Headquarters of the United States Army was located, carrying signs opposing the war in Viet Nam. When the inductees arrived at the building, these persons began to block the door so that the inductees could not enter. They were requested by police officers to move from the door, but refused to do so. The officers attempted to remove them from the door, and a scuffle ensued. There was ample evidence to show that the defendant committed assault and battery on the two police officers named in the indictment. There was also sufficient evidence of the use of the opprobrious and abusive words charged, and the jury was authorized to find from the circumstances shown by the evidence that the words were spoken without sufficient provocation, and tended to cause a breach of the peace.

■ It is contended that the verdict of guilty on Counts 2 and 4 of the indictment is illegal because the defendant was charged with misdemeanors against T. L. Raborn, and the proof on the trial was that misdemeanors had been committed against T. L. Raburn. "The law does not regard the spelling of names so much as their pronunciation or sound. Under the doctrine of idem sonans, if two names, although spelled differently, sound alike, they are to be regarded as the same. Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial." *Webb v. State*, 149 Ga. 211 (1) (99 SE 630). The variance in the allegation

and the proof in the spelling of the name Raburn was not material.

■ It is contended in the third ground of the amendment to the motion for new trial that the trial judge erroneously charged that "any person who shall wilfully and maliciously injure or destroy any public or private property of another shall be guilty of a misdemeanor," because there was no evidence that the defendant was arrested for malicious mischief.

There was evidence that the defendant was one of those persons pushing on the door at the army induction center, and it was stipulated by the defendant that there was damage in the amount of $169 to this door. The portion of the charge complained of was given by the judge in connection with the instructions on the right of a person to employ reasonable force to resist an illegal arrest, and the jury was limited in its consideration of the charge on malicious mischief to the determination of whether there had been a lawful arrest without a warrant for an offense committed in the presence of the arresting officers. *Code* § 27-207. The arrest without a warrant was legal if any crime was committed in the presence of the arresting officers, and the charge on malicious mischief was pertinent to the case for the limited purpose stated.

■ The seventh headnote does not require any elaboration. Grounds of the motion for new trial which have not been argued are considered as abandoned.

*Judgment affirmed. All the Justices concur.*