A07A1639. TALMADGE v. THE STATE.
(651 SE2d 469)

ANDREWS, Presiding Judge.

Herman Eugene Talmadge III was found guilty by a jury of using "fighting words" without provocation to and in the presence of Wilbur Roberts in violation of the misdemeanor disorderly conduct provisions of OCGA § 16-11-39 (a) (3). Talmadge claims that the trial court erred by excluding evidence of provocation. Because we find that the trial court erroneously excluded evidence relevant to Talmadge's claim that there was provocation sufficient to excuse his use of the fighting words, we reverse.

Under OCGA § 16-11-39 (a) (3),

[a] person commits the offense of disorderly conduct when such person . . . [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words."

Thus, one commits the offense of disorderly conduct when, without provocation, he utters "fighting words" to or descriptive of another person in that person's presence. Lack of provocation to justify the defendant's use of fighting words is an element of the offense on which the State has the burden of proof, and whether or not there was sufficient provocation to justify the defendant's use of fighting words is for the jury to determine under all the facts and circumstances. *Wilson v. State*, 223 Ga. 531, 533 (156 SE2d 446) (1967); *Ogletree v. State*, 18 Ga. App. 41 (88 SE 751) (1916).

The evidence showed that, during a verbal exchange with Roberts, Talmadge told Roberts that, "Your mother is a no good bitch." Talmadge admitted that he said those words to Roberts to provoke Roberts to fight, and he does not dispute that the evidence was sufficient to show that the words he uttered were opprobrious or abusive, tended to incite an immediate breach of the peace, and thus constituted fighting words. *Crolley v. State*, 182 Ga. App. 2, 3-4 (354

SE2d 864) (1987). Talmadge's sole defense was that there was provocation sufficient to excuse his use of the fighting words.

The evidence showed that the incident at issue occurred while Talmadge was having timber removed from the Talmadge family farm in Henry County. Talmadge's aunt believed that timber was being improperly removed from a 90-acre portion of the farm in which she had an interest, so she drove to the farm and told the timber supervisor that no one had authority to cut the timber. As a result, Talmadge was called to the scene, and Henry County police officers were called to resolve the property dispute. At that point, the aunt said that she became "a bit hysterical" and phoned her friend, Roberts, and asked him to come out to the farm to help her. According to Roberts, the aunt called him "very hysterical" and he went to the Talmadge farm in response to the call to make the aunt's bond if they took her to jail. After Roberts arrived and parked on the shoulder of a public road adjacent to the farm, Talmadge confronted him and told him to stay off his property. Roberts responded that the aunt owned part of the property, and that he was there to assist the aunt. A Henry County police officer who witnessed the conversation testified that, as the two men continued to exchange words, Talmadge became upset and used the fighting words. The officer separated the two men without any physical altercation, and Roberts later swore out a disorderly conduct warrant against Talmadge.

Talmadge attempted to present evidence at trial to show why he became so upset and used fighting words when Roberts arrived at the Talmadge farm. Talmadge testified that he knew Roberts, could not stand him, and that "[t]he sight of him makes me want to puke." Although the trial court allowed Talmadge to testify as to what happened between him and Roberts on the day he used the fighting words, the court excluded evidence that Talmadge's use of the fighting words was provoked by a long-standing history of animosity between Roberts and Talmadge and other members of the Talmadge family. Counsel for Talmadge made a proffer showing that Talmadge's father and Talmadge were prepared to testify that Talmadge was party to a history of contentious confrontations between Roberts and the Talmadge family, including trespassing on the Talmadge farm. But the trial court excluded evidence of this history as irrelevant, and ruled that only matters "immediately contemporaneous with this alleged incident" were admissible as evidence of provocation. This was error. "Evidence is relevant and, therefore, admissible if it tends to prove a material issue in the case. OCGA § 24-2-1." *Brown v. State*, 270 Ga. 601-602 (512 SE2d 260) (1999). In determining whether or not there was sufficient provocation for Talmadge's use of the fighting words, the jury was entitled to consider all the facts

and circumstances tending to prove provocation, including "the relationship of the parties[ and] the state of feeling existing between them," not just facts and circumstances contemporaneous with the use of the fighting words, *Raines v. State*, 73 Ga. App. 177, 179-180 (36 SE2d 64) (1945); *Wilson*, 223 Ga. at 533; *Fish v. State*, 124 Ga. 416 (52 SE 737) (1905).

Because we cannot conclude it was highly probable that the exclusion of this evidence did not contribute to the guilty verdict, the error was harmful and the conviction must be reversed. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 22, 2007.

*Steven M. Frey*, for appellant.
*Charles A. Spahos, Solicitor-General*, for appellee.