## 21040. DEEN v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried, and convicted of rape upon his daughter, age 12, and his demurrer to the indictment and motion for judgment notwithstanding the verdict or new trial, having been overruled, the exceptions are to these judgments. *Held:*

1. While the indictment which charges the defendant with rape upon his daughter, age 12, does set out allegations showing incest, the defendant is not charged with more than one felony by the indictment, and it is not subject to demurrer as having allegations that are duplicitous, multifarious, irrelevant, immaterial, and prejudicial, requiring the striking of the words "his daughter, now 12 years old." The court did not err in overruling the demurrer.

2. No matter by what name a pleading is called, the nature of the action is determined by the substance. *Code* § 81-101; *McNabb v. Lockhart & Thomas,* 18 Ga. 495(7); *Malone v. Robinson,* 77 Ga. 719 (2a). The motion of the defendant, while styled a motion for judgment notwithstanding the verdict (which is never available in a criminal case), or in the

alternative a motion for new trial, amounts to no more than a motion for new trial, and it will be considered only as such. See *Code Ann.* § 110-113; *Wilson v. State,* 215 Ga. 775(1) (113 S. E. 2d 607); *Albert v. State,* 215 Ga. 564(3) (111 S. E. 2d 215); *Hooks v. State,* 215 Ga. 869 (114 S. E. 2d 6). The evidence was ample to support the verdict and the general grounds of the motion for new trial are without merit. *Shurley v. State,* 210 Ga. 139 (3) (78 S. E. 2d 27); *Jones v. State,* 213 Ga. 814 (1) (102 S. E. 2d 21).

3. The substance of the special ground of the motion for new trial is the denial of the defendant's right to cross-examine the prosecutrix as to her activities with a certain boy at a party. Where the illegal sexual or carnal intercourse is with a female child under the age of 14 years, the questions of consent and chastity are not material, and it would serve no useful purpose to allow a thorough and sifting examination as to her credibility in regard to such questions. *Latimer v. State,* 188 Ga. 775 (1) (4 S. E. 2d 631); *Code* §§ 26-1303, 26-1304; *Pylant v. State,* 191 Ga. 587(2) (13 S. E. 2d 380). The rule is different, however, where consent is an issue, and a thorough and sifting examination is allowed as to the chastity of the prosecutrix where consent is an issue. See *Frady v. State,* 212 Ga. 84 (90 S. E. 2d 664). The court did not err in refusing to allow further cross-examination as to the female child's chastity, and there is no merit in the special ground of the motion for new trial. The court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1960—DECIDED OCTOBER 11, 1960.

*J. Laddie Boatright,* for plaintiff in error.

*Dewey Hayes, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.