## 35111. CITY OF MACON v. SMITH.

HILL, Justice.

This appeal raises the question of the constitutionality of the City of Macon's disorderly conduct ordinance.

The defendant reentered a motel lounge in blue jeans and barefooted after "happy hour" ended and the motel dress code had gone into effect. When she was asked to leave, she gestured to the doorman with her hand, retracting the first, third and little fingers and leaving the second finger prominently extended, denominated by the arresting officer as "shooting a bird." Although she also expressed herself orally to the doorman, the arresting officer testified clearly that the disorderly conduct he arrested and charged her for was "shooting a bird."

Based on the foregoing evidence, the defendant was found guilty of violating section 9-6006 of the Macon code. That section provides as follows: "It shall be unlawful for any person to act in a violent, turbulent, boisterous, indecent or disorderly manner or to use profane, vulgar, or obscene language in the city, tending to disturb good order, peace, and dignity in said city."

At the outset of the municipal court trial, the defendant had attacked the ordinance as being too vague, indefinite and uncertain to give the defendant reasonable notice of the prohibited conduct in violation of her right to due process of law under the state and federal constitutions. Following her conviction (a fine of $75, suspended), defendant sought certiorari to the superior court raising the above constitutional challenge. Citing Charmichael v. Allen, 267 FSupp. 985 (N. D. Ga. 1967), the superior court held the ordinance unconstitutional. The city appeals.

Although the city ordinance in question does prohibit certain speech, it is not automatically invalid under the first amendment.[1] The United States Supreme

---

[1]Symbolic acts are treated as speech. Tinker v. Des Moines School Dist., 393 U. S. 503, 505 (89 SC 733, 21 LE2d 731) (1969).

Court has held that certain well-defined and narrowly limited classes of speech are not protected by the first amendment. Chaplinsky v. New Hampshire, 315 U. S. 568, 571-72 (62 SC 766, 86 LE 1031) (1942). Among the unprotected classes of speech are " 'fighting' words — those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." Chaplinsky, supra.

However, state legislation which prohibits speech is unconstitutionally vague if the language is so broad or indefinite as to permit the application of the statute to speech that is protected by the first and fourteenth amendments. To withstand constitutional attack, a statute or ordinance which prohibits speech "must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression." Gooding v. Wilson, 405 U. S. 518, 522 (92 SC 1103, 31 LE2d 408) (1972).

In Gooding v. Wilson, supra, the United States Supreme Court held unconstitutional Code Ann. § 26-6303, which prohibited "opprobrious words or abusive language, tending to cause a breach of the peace. . ." In that case the Supreme Court held the statute unconstitutionally overbroad after finding that the Georgia appellate courts had not narrowed and limited the application of the statute to fighting words. The implication is clear that had there been such a narrowing construction, the language of the statute itself would be constitutionally permissible. Gooding, supra at 524.

The city clearly has a legitimate interest in prohibiting as disorderly conduct speech which falls into the category of fighting words. The city should not be powerless to act until after the fight begins. It is true that the ordinance on its face may be susceptible to a broad construction and hence application to speech which is protected under the first amendment. However, legislative enactments should be construed, where susceptible to more than one meaning, so as to be constitutional rather than being construed so as to be unconstitutional. Forrester v. Culpepper, 194 Ga. 744, 749 (22 SE2d 595) (1942).

We note that the words "good order, peace and

dignity" are joined conjunctively thereby necessitating that a disturbance of the peace be shown. We interpret the conduct "tending to disturb. . . peace" as modifying the forepart of the ordinance as well as the latter part and as tending to incite an immediate breach of the peace; i. e., as tending to incite an immediate fight. In other words, we construe this ordinance to prohibit only those words, expressions or acts which have a direct tendency to cause immediate acts of violence by the person to whom the speech or act is addressed. Construed as being applicable only to fighting words or acts, the ordinance is not unconstitutional on its face.[2]

Turning to the application of the statute to the defendant in this case, the record does not indicate that her conduct was sufficiently belligerent to incite an immediate breach of the peace. While we do not condone her action, which was vulgar and offensive, it cannot fairly be characterized as "fighting words" under the circumstances of this case. Accordingly, the application of the ordinance to this defendant was unconstitutional and her conviction cannot stand.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Jordan and Bowles, JJ., who dissent.*

SUBMITTED JULY 6, 1979 — DECIDED SEPTEMBER 6, 1979.

*J. Michael Carpenter, Andrew W. McKenna,* for appellant.

*Paul C. Myers,* for appellee.

---

[2]The very similar ordinance held to be unconstitutional in Charmichael v. Allen, 267 FSupp. 985, supra, had not been and could not be narrowly construed in that case.