*Assistant District Attorney,* for appellee.

## 59284. PHILLIPS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and tried for the offense of unlawful possession of marijuana with intent to distribute the same in violation of the Georgia Controlled Substances Act. A mistrial resulted. Whereupon defendant moved for a judgment of acquittal, that is, an order setting aside the mistrial and the entering of "a judgment of not guilty in his favor in accordance with his previous Motion for Directed Verdict, upon the grounds that the evidence as presented by the State failed to establish the guilt of the Defendant beyond a reasonable doubt, and the evidence failed to exclude every reasonable hypothesis except that of the guilt of the Defendant."

After a hearing the court denied the motion contending it was not an available motion under Georgia criminal procedure, citing *Deen v. State,* 216 Ga. 387 (2) (116 SE2d 595). The ruling in *Deen v. State,* 216 Ga. 387 (2), supra, merely cited the elementary rule of pleading that substance not mere nomenclature controls. See *McDonald v. State,* 222 Ga. 596 (1), 597 (151 SE2d 121). The opinion in *Deen v. State,* 216 Ga. 387 (2) supra, did state that a motion for judgment notwithstanding the verdict "is never available in a criminal case," and proceeded to consider it as a motion for new trial. Here a mistrial was granted, and a new trial will be necessary.

However, appeals from the lower courts may be taken only from final judgments except in certain enumerated instances. Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620). The language used therein is that the judgment is final "where the cause is no longer pending in the court below . . ."

Defendant's sole enumeration of error is that "[t]he Trial Court erred in dismissing the Appellant's Motion for a Directed Verdict of Acquittal Notwithstanding the Mistrial on the basis that such a motion was not available

to a defendant in a criminal case."

Furthermore, "[a] directed verdict of acquittal is not proper unless there is no conflict in the evidence and the verdict of acquittal is demanded as a matter of law. *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973)." *Washington v. State,* 243 Ga. 329, 335 (4) (253 SE2d 719). See also *Tuggle v. State,* 149 Ga. App. 844, 846 (7) (256 SE2d 104). In the case sub judice, the fact that the jury could not reach a unanimous verdict is not sufficient in and of itself to serve as a basis for this court to hold that a verdict of acquittal was demanded as a matter of law.

The appeal is premature here inasmuch as there has been no final appealable judgment and no certificate of immediate review has been granted by the trial judge rendering it otherwise appealable by application to this court for immediate review. No application for immediate review has been made. See *F. N. Roberts Corp. v. Turman,* 131 Ga. App. 689 (206 SE2d 579), wherein this court held in a civil case that the denial of a motion for judgment notwithstanding a mistrial "is not a judgment or decision from which an appeal may be taken without first obtaining a certificate for immediate review from the trial judge pursuant to Code Ann. § 6-701 (a)(2) . . ."

*Appeal dismissed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED JANUARY 22, 1980 — REHEARING DENIED FEBRUARY 12, 1980 —

*Charles M. Jones, Billy N. Jones,* for appellant.
*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.