## 60809. PARKER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of aggravated assault "with a deadly weapon." On February 19, 1980, the verdict of guilty was returned by the jury. On February 19, 1980 (sentence filed March 21, 1980), defendant was sentenced to a term of 10 years with the first 7 years to be served in the penitentiary and the remainder to be served on probation. On March 13, 1980, defendant made his motion for an "extension of time in which to perfect an appeal," stating that the "transcript is not available as yet and the exact date of availability is unknown." On the same date the trial court's order was rendered (filed March 18, 1980), granting the defendant a 90-day extension of time in which to perfect the appeal.

On June 11, 1980, the state filed its "Motion to Dismiss Notice of Appeal," although at that time there had been no notice of appeal filed. This motion argued that the time for filing a notice of appeal had expired and that no extension of time had been requested. On July 11, 1980 (order filed July 24, 1980), the trial court, relying on its order of March 13, 1980, granting the defendant an additional 90 days due to the inability of the court reporter to produce the transcript and the fact that defendant's motion resulting in the court's order of March 13, 1980, had been filed prior to the expiration of the 30 days from the time of the trial of the case sub judice, denied the state's motion to dismiss.

Defendant's notice of appeal was filed on June 5, 1980, ap-

proximately 76 days after entry of the appealable decision. *Held:*

Generally under the provisions of Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077), notice of appeal must be filed within 30 days after the entry of the appealable decision or judgment complained of. An automatic extension of time for filing the notice of appeal occurs where a motion for a new trial, a motion in arrest of judgment or a motion for judgment notwithstanding the verdict has been filed. Where one of these motions is filed within the 30-day time limit allowed, the notice of appeal shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion. There was no motion filed in the case sub judice which would create such an automatic extension of time to file notice of appeal during its pendency.

Code Ann. § 6-804 (Ga. L. 1965, pp. 18, 21) provides the rules governing extension of time for filing a notice of appeal and certain other papers. This statute provides that any judge of the trial court may, in his discretion, grant an extension of time for filing a notice of appeal subject to the limitations that only one extension of time shall be granted for filing notice of appeal and that this one extension shall not exceed the time otherwise allowed for the filing of the notice initially, that is, 30 days.

The order of the trial court of March 13, 1980, granting defendant 90 days within which to "perfect the appeal" in the case sub judice due to the unavailability of the transcript, if intended to be a grant of an extension of time for the filing of a notice of appeal, was an ineffective nullity insofar as it purported to grant an extension for a period of time greater than 30 days. Such an extension in excess of 30 days would be in violation of Code Ann. § 6-804, supra. If the trial court's order of March 13, 1980, was the granting of an extension of time for the filing of the transcript of the evidence, then it was entirely ineffective to extend the time within which defendant was required to file his notice of appeal. In either case, the notice of appeal filed June 5, 1980, or approximately two and one-half months after the filing of defendant's sentence, was untimely. Filing of a timely notice of appeal is essential to confer jurisdiction upon an appellate court. Due to the failure of the defendant to comply with the requirement of a timely notice of appeal, this appeal must be dismissed. *Canup v. State,* 150 Ga. App. 794 (258 SE2d 907).

*Appeal dismissed. Smith and Banke, JJ., concur.*

Argued October 8, 1980 — Decided October 31, 1980 —

*William A. Wehunt,* for appellant.
*W. A. Foster, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.