## 73571. CROLLEY v. THE STATE.
(354 SE2d 864)

CARLEY, Judge.

Appellant waived his right to a jury trial and, after the ensuing bench trial, was found guilty of using "fighting words" in violation of OCGA § 16-11-39 (1). Appellant appeals from the judgment of conviction and sentence entered by the trial court on its finding of guilt.

1. The State has moved to dismiss this appeal, contending that appellant's notice of appeal was untimely filed. The notice of appeal was not filed within 30 days of the date that the trial court entered its finding of appellant's guilt. It was, however, filed within 30 days of the date that appellant's sentence was entered by the trial court.

"[A]ppeals from the lower courts may be taken only from final judgments except in certain enumerated instances. [Cits.] The language used [in OCGA § 5-6-34 (a) (1)] is that the judgment is final 'where the [case] is no longer pending in the court below . . .'" *Phillips v. State*, 153 Ga. App. 410 (265 SE2d 293) (1980). "Further, before an appeal may be made, the judgment appealed from must be in writing, and not verbal. [Cits.]" *Merrill v. State*, 128 Ga. App. 403, 404 (196 SE2d 876) (1973). Therefore, the instant criminal proceedings against appellant were obviously "pending" in the trial court until such time as his sentence was entered in writing and became "final." It follows that appellant's "notice of appeal[, which was] [within 30 days] after the filing of [his] sentence, was [timely]." *Parker v. State*, 156 Ga. App. 299, 300 (274 SE2d 694) (1980). Accordingly, the State's motion to dismiss is denied.

2. Appellant enumerates the general grounds. Resolution of this issue requires a preliminary discussion of the similarities and distinctions which exist with regard to the conduct proscribed by OCGA § 16-11-39 (1) and that made unlawful by OCGA § 16-11-39 (2). See generally *Sarnie v. State*, 247 Ga. 414 (276 SE2d 589) (1981) (discussing subsections (a) and (b) of former Code Ann. § 26-2610).

Both provisions ultimately proscribe the use of language that is calculated to result in "an immediate breach of the peace." However, the proscription applies in different contexts. Whether words are of such character that their use is calculated to cause a breach of the peace is determined by "all the facts and circumstances. . . ." *Wilson v. State*, 223 Ga. 531, 533 (1) (156 SE2d 446) (1967). The proscription of OCGA § 16-11-39 (2) rests upon the apparent legislative determination that, given the "facts and circumstances" of an unprovoked employment of a certain type of language within the hearing of certain young listeners, there is potential for an immediate breach of the peace. This statutory provision criminalizes the unprovoked use of "*obscene and vulgar or profane language* in the presence of or by telephone to *a person under the age of 14 years* which threatens an immediate breach of the peace. . . ." (Emphasis supplied.)

OCGA § 16-11-39 (1), on the other hand, addresses a different set of "facts and circumstances." It neither proscribes obscene and vulgar or profane language in specific nor does it require that a potential listener be of a certain age. That statute criminalizes the unprovoked use "to or of *another*, in his presence, [of] *opprobrious or abusive words* which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, words commonly called 'fighting words.'" (Emphasis supplied.) Thus, the mere use of obscene and vulgar or profane

language is not necessarily a crime under OCGA § 16-11-39 (1) unless such language is also "opprobrious or abusive" and therefore constitutes "fighting words." See generally *Rozier v. State*, 140 Ga. App. 356 (231 SE2d 131) (1976). Moreover, unlike OCGA § 16-11-39 (2), opprobrious and abusive "fighting words" need not necessarily be obscene and vulgar or profane to be proscribed under OCGA § 16-11-39 (1). See generally *Brooks v. State*, 166 Ga. App. 704 (305 SE2d 436) (1983).

There was evidence in the case sub judice that appellant employed obscene, vulgar and profane language in the course of venting his anger at one of his employees. Appellant's anger was precipitated by the fact that he had left the top of his convertible down and the employee had failed to inform him when it began to rain. The appellant's statement to the employee was "___ it, the next time you let my car fill up with ___ water, you try to come and find my ___." Had the employee been under the age of 14 and had appellant been indicted for a violation of OCGA § 16-11-39 (2), the evidence might possibly authorize a conviction. However, because the employee was over the age of 14 and appellant was indicted for violating OCGA § 16-11-39 (1), the crucial issue is whether appellant's otherwise obscene, vulgar and profane language also constituted "words, expressions or acts which have a direct tendency to cause immediate acts of violence by the person to whom the speech or act is addressed." *City of Macon v. Smith*, 244 Ga. 157, 159 (259 SE2d 90) (1979).

The language employed by appellant, although obscene, vulgar and profane, did not subject the employee to personal " 'epithets or personal abuse. . . .' " *Brooks v. State*, supra at 705. Appellant employed the vulgarities and obscenities as interjections or as non-personal expletives in the course of castigating the employee for what was a relatively trivial matter. Undoubtedly, the employee was fully justified in resenting her castigation, as well as in feeling resentment at appellant's tone of voice and the uncouth manner in which he chose to express himself. However, the criminal law no longer proscribes the subjection of any person more mature than 14 years of age to angry conversation containing obscene language not constituting "fighting words." Compare former Code Ann. § 26-2610 (b). Whatever social censure appellant may merit for tasteless conduct, he cannot, as a matter of constitutional law, be held criminally liable for such conduct. "To withstand constitutional attack, a statute or ordinance which prohibits speech 'must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression.' [Cit.]. . . . [T]he Supreme court [of the United States has] held [that OCGA § 16-11-39 (1) would be] constitutionally overbroad . . . [if] the Georgia appellate courts [did] not [give a narrow and limited] application of the statute

to fighting words." *City of Macon v. Smith*, supra at 158.

Giving OCGA § 16-11-39 (1) the required narrow and limited application, "the record does not indicate that [appellant's] conduct was sufficiently belligerent to incite an immediate breach of the peace. While we do not condone [his] action, which was vulgar and offensive, it cannot fairly be characterized as 'fighting words' under the circumstances of this case." *City of Macon v. Smith*, supra at 159. Accordingly, appellant's conviction for use of obscene and vulgar or profane language which did not constitute "fighting words" must be reversed.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 2, 1987.

*C. Sam Thomas, Claude M. Kicklighter, Jr.*, for appellant.
*Terry Stringer, Solicitor*, for appellee.