A92A1972. PERSON v. THE STATE.
(425 SE2d 371)

McMURRAY, Presiding Judge.

Defendant was tried before a jury in the Superior Court of Clarke County, Georgia and convicted of using opprobrious and abusive words in violation of OCGA § 16-11-39 (1). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence, arguing she did not use "fighting words" within the meaning of OCGA § 16-11-39 (1).

Any person who, "[w]ithout provocation, uses to or of another, in his presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in his presence, naturally tend to provoke violent resentment, that is, words commonly called 'fighting words' [is guilty of a misdemeanor]." OCGA § 16-11-39 (1). This Code subsection is limited in application to words that " 'have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed.' " *Gooding v. Wilson*, 405 U. S. 518, 524 (92 SC 1103, 31 LE2d 408). In applying this standard, "[t]he circumstances surrounding the words can be crucial, for only against the background of surrounding events can a judgment be made whether these words had 'a direct tendency to cause acts of violence[.]' " *Lamar v. Banks*, 684 F2d 714, 719 (11th Cir.). See *State v. Klinakis*, 206 Ga. App. 318, 322 (1d) (425 SE2d 665).

In the case sub judice, Officer Randy Moore of the Clarke County Police Department testified that after stopping defendant for driving a motor vehicle with an expired tag she accused him of carrying out

his official duties in a racially discriminatory manner. Officer Moore also testified that defendant "continually [kept] getting up in [his] face and cussing [him,]" profanely threatening that she was not going to allow the officer to carry out his official duties, i.e., arresting her for driving without a driver's license. More specifically, Officer Moore testified that defendant screamed in his face, " 'I'm not going to any g__d__n jail and I'm not wearing any mother-f__g handcuffs.' " The officer explained that he did not threaten, intimidate or otherwise provoke defendant during the encounter; that defendant used profane language from the outset of the encounter and that he called other law enforcement officers for assistance because defendant's abusive language and threatening demeanor indicated that her arrest would not be peaceful. Officer Moore testified that defendant violently resisted arrest after other law enforcement officers arrived; that it took three officers to subdue defendant and that even after restraint defendant continued to behave abominably, caving-in a patrol car door with her foot, "screaming, kicking at the back of [Officer Moore's] head, threatening to blow [the officer's] head off . . ." and spitting thick mucus at the officer. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of using "fighting words" in the presence of Officer Moore in violation of OCGA § 16-11-39 (1). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Evans v. State*, 188 Ga. App. 347 (1) (373 SE2d 52). "See in this regard *Johnson v. State*, 143 Ga. App. 826 (240 SE2d 207) (1977), where [it was] held that appellant's loud and abusive use of obscene and insulting language to a policeman, thereby attracting a crowd of people, constituted 'fighting words.' " *Brooks v. State*, 166 Ga. App. 704, 705 (305 SE2d 436).

2. In her second enumeration, defendant contends the trial court erred in denying her motion to dismiss for selective and discriminatory prosecution, arguing that the "State prosecutes a disproportionate number of blacks with obstruction and related charges."

At a hearing on defendant's motion for selective and discriminatory prosecution, the State's attorney stipulated that black persons comprise 25 percent of the population in Clarke County, Georgia, and that there are about "twice as many arrests of blacks as there are whites for obstruction and related charges in [Clarke County] historically." Further, Lawson McGhee Sullivan (a white female) testified that she was a passenger in defendant's car before defendant's arrest; that she (Sullivan) employed profane language throughout defendant's encounter with law enforcement officers and that she was not arrested or charged with any offense as a result of her vulgar language in the presence of the law enforcement officers. This evidence does not provide a basis to support defendant's claim for selective prosecution.

" 'In *United States v. Berrios*, (501 F2d 1207 (2d Cir., 1974)), the court said, "To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. . . .' " ' William W. Daniel, Ga. Criminal Trial Practice (1985 ed.) § 21-21." *Carver v. State*, 185 Ga. App. 436, 438 (3) (364 SE2d 877), affirmed in *Carver v. State*, 258 Ga. 385 (369 SE2d 471).

In the case sub judice, there has been no showing that other persons in Clarke County have engaged in the type of verbal attack which forms the basis of the charge against defendant in the case sub judice and there is no evidence that the prosecution of defendant was racially motivated or undertaken for a retaliatory purpose. More specifically, defendant did not establish that there have been other arrests in Clarke County for violations of OCGA § 16-11-39 (1) and Lawson McGhee Sullivan testified that her (Sullivan's) vulgar language "was a generalized kind of cursing" and was not directed so as to invoke violent resentment from any particular individual. Further, Officer Moore testified that he was not aware of defendant's race or gender before the stop, explaining that he could not see inside the vehicle defendant was operating because the windows on the vehicle were tinted. This enumeration is without merit. *Carver v. State*, 185 Ga. App. 436, 438 (3), supra. See *Sabel v. State*, 250 Ga. 640, 643 (300 SE2d 663), and *Lee v. State*, 177 Ga. App. 698, 699 (1) (340 SE2d 658).

3. Defendant also contends in her second enumeration that improper issuance of warrants by a magistrate for her arrest "should prevent further prosecution of the charges. . . ." This contention provides no basis for reversal.

"First, an enumeration of error should contain but one allegation of error. [Cits.]" *Garvey v. State*, 176 Ga. App. 268, 273 (5) (335 SE2d 640). Second, any irregularities in the issuance of warrants for defendant's arrest are harmless because the undisputed evidence shows that defendant was lawfully arrested for committing a crime within the immediate knowledge of a law enforcement officer. OCGA § 17-4-20.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 12, 1992.

*L. Scott McLarty*, for appellant.

*Harry N. Gordon, District Attorney, Richard Dickson, Assistant District Attorney*, for appellee.