### A99A1567. EVANS v. THE STATE.
(525 SE2d 780)

POPE, Presiding Judge.

Richard Allen Evans was convicted of theft of one bag of cotton candy by shoplifting while at Six Flags amusement park and for disorderly conduct during the ensuing investigation. He appeals on four grounds. Because we find no error, the convictions are affirmed.

1. "[T]he state must prove all material allegations in an indictment which describe the offense or the particular manner in which the offense was committed." Smith v. State, 202 Ga. App. 664, 666 (415 SE2d 481) (1992). Here, although the indictment alleged that Evans took "the property of Six Flags, a retail establishment," proof at trial showed the victim was "a leasing company, Jay Vending, that was inside Six Flags."

A variance in proof from that alleged in the indictment is fatal only if two crucial requirements are not met. These are "(1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense." (Citations and punctuation omitted.) Battles v. State, 262 Ga. 415, 417 (5) (420 SE2d 303) (1992).

The indictment informed Evans that he had stolen cotton candy while at Six Flags on August 17, 1997. He was fully informed of the charges against him, and he has not asserted any prejudice resulting from not knowing the precise identity of the vendor. Cf. Butler v. State, 170 Ga. App. 257, 258 (1) (316 SE2d 841) (1984) (exact identity of the victim of conversion not required between indictment and evidence); Bryant v. State, 155 Ga. App. 621 (2) (271 SE2d 875) (1980) (same). And, there is no danger of a second prosecution for the same offense. See Battles, 262 Ga. at 417 (5).

2. The trial court correctly denied Evans's request for a new trial on the ground of newly discovered evidence. Evans was aware of the evidence before the trial, and he failed to use due diligence to acquire it. Timberlake v. State, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980); Carl v. State, 234 Ga. App. 61-62 (1) (506 SE2d 207) (1998).

3. Evans contends his statements were insufficient to support a

charge of disorderly conduct because they did not incite Officer Estes to take offensive action and because they were not "fighting words." Evans responded to the officer's questions about the cotton candy by repeatedly saying, "F— that, that does not have s— to do with us." Officer Estes further testified that, "[Evans] stated to me that he was going to go to his vehicle, get his 'pop,' while pointing his hand at me like a pistol, said, 'pop, pop, pop,' to me. That's when he started walking towards his vehicle." Estes felt threatened, and he called for backup.

OCGA § 16-11-39 (a) (3) provides in part that a person commits disorderly conduct where the person,

> [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words."

To uphold a conviction of disorderly conduct for using fighting words, at least part of the alleged statements must be abusive or opprobrious. See OCGA § 16-11-39 (a) (3); *Crolley v. State*, 182 Ga. App. 2, 4 (2) (354 SE2d 864) (1987).[1] Further, "fighting words" can include specific threats to cause violence where they tend to provoke violent resentment.

> As was observed in *Chaplinsky v. New Hampshire*, 315 U. S. 568, 573 (62 SC 766, 86 LE 1031): "The English language has a number of words and expressions which by general consent are 'fighting words,' when said without a disarming smile. . . . Such words, as ordinary men know, are likely to cause a fight. So are threatening, profane, or obscene revilings."

*Anderson v. State*, 196 Ga. 468, 470 (26 SE2d 755) (1943). The cir-

---

[1] For example, in *Anderson v. State*, 231 Ga. App. 807, 809 (1) (499 SE2d 717) (1998), the defendant called the sheriff a "no good son of a bitch" and threatened to kick his "ass." In *Nunn v. State*, 224 Ga. App. 312 (1) (a) (480 SE2d 614) (1997) (physical precedent), the defendant "disparaged the dignity of motherhood, childhood and the intellect of law enforcement officers." In *Person v. State*, 206 Ga. App. 324, 325 (1) (425 SE2d 371) (1992), the defendant accused the officer of acting in a racist manner in addition to cursing at the officer and screaming in his face "I'm not going to any g—d—n jail and I'm not wearing any mother-f—g handcuffs." In *Evans v. State*, 188 Ga. App. 347 (1) (373 SE2d 52) (1988), the defendant called the officer a "g— d—— liar" and told the officers to "f— o—."

cumstances surrounding the incident are relevant to the determination. *Person v. State*, 206 Ga. App. 324 (1) (425 SE2d 371) (1992).

Here, Evans threatened that he was going to get a gun and shoot Officer Estes, and Estes felt threatened. But more importantly, Evans made a statement which under the circumstances was plainly designed to goad or incite the only officer present who was trying to handle a difficult situation involving several people. A rational juror could find that the statement was disrespectful of, directly challenged, and abused Estes's authority. Estes was a corporal with Six Flags Security and had been in the position for only one and one-half months. The fact that Evans did not get Officer Estes to react is not determinative. *Davenport v. State*, 184 Ga. App. 214-215 (361 SE2d 219) (1987) (decided when OCGA § 16-11-39 (a) (1) was numbered 16-11-39 (1)). Under the circumstances, the facts supported a conviction for a violation of OCGA § 16-11-39 (a) (3).

4. Evans contends remarks made by the state during opening and closing improperly put his character in issue, but there is no transcript of these events in the record.

> Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41 (f). When this is not done, there is nothing for the appellate court to review.

(Citations omitted.) *High v. Zant*, 250 Ga. 693, 698 (11) (300 SE2d 654) (1983).

*Judgment affirmed. Smith, J., concurs. Eldridge, J., concurs in Divisions 1, 2 and 4 and concurs in judgment only as to Division 3.*

DECIDED NOVEMBER 19, 1999.

*Coatsey Ellison*, for appellant.

*Barry E. Morgan, Solicitor, Lawton W. Scott, Jessica K. Moss, Nathan J. Wade, Assistant Solicitors*, for appellee.