A02A2298. BRANTLEY v. THE STATE.

(572 SE2d 730)

PHIPPS, Judge.

At a bench trial, Thurbert Brantley was convicted of disorderly conduct by reason of having uttered fighting words to Raymond Barksdale. In this appeal of his conviction, Brantley challenges the sufficiency of the evidence. We find the evidence sufficient and affirm.

Under OCGA § 16-11-39 (a) (3),

[a] person commits the offense of disorderly conduct when such person . . . [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words."

Barksdale is an employee of the City of Macon charged with responsibility for enforcing the municipal code. After Barksdale cited Brantley for violation of a property ordinance, Brantley telephoned Barksdale and made derogatory comments to him. Barksdale refused to talk further. The next day, Brantley confronted Barksdale as he

---

[8] OCGA § 16-6-4 (a).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

was leaving the municipal court, followed him, and made inflammatory remarks. Specifically, Barksdale testified that Brantley "said what kind of black wh— would raise a no good black ba—— like you, and he called me a black ni——." Barksdale further testified that when Brantley's case was called, he notified the judge that he wanted police officers to be present because of Brantley's provocative remarks. In his defense, Brantley presented an eyewitness, his grandson, who denied that Brantley had uttered the words testified to by Barksdale.

Viewed in the context in which they were used,[1] the words attributed to Brantley certainly constituted fighting words.[2] There is no merit in Brantley's claim that the evidence is insufficient to support a finding that he uttered the words. On appeal, we review the evidence in the light most favorable to the conviction and defer to the trier of fact's assessment of the weight of the evidence and credibility of the witnesses.[3] Adjudged by these principles, the evidence was sufficient to support Brantley's conviction.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 18, 2002.

*Joseph A. Maccione*, for appellant.

*Otis L. Scarbary, Solicitor-General, Rebecca H. Grist, Assistant Solicitor-General*, for appellee.

---

[1] See generally *State v. Klinakis*, 206 Ga. App. 318, 322 (1) (d) (425 SE2d 665) (1992).

[2] See *Tucker v. State*, 233 Ga. App. 314, 316 (2) (504 SE2d 250) (1998); *Person v. State*, 206 Ga. App. 324 (1) (425 SE2d 371) (1992).

[3] *Casey v. State*, 267 Ga. 433, 434 (479 SE2d 715) (1997).