A04A0414. DELANEY v. THE STATE.
(599 SE2d 333)

MIKELL, Judge.

John Louis Delaney was accused of improper use of horn, disorderly conduct, and misdemeanor obstruction of a law enforcement officer. After a bench trial, he was found guilty of disorderly conduct but not guilty of obstruction. The trial court merged the horn offense with the disorderly conduct conviction and sentenced Delaney to 12 months on probation, a $500 fine, and 80 hours of community service. He appeals, arguing that the evidence is insufficient to sustain his disorderly conduct conviction. We agree and reverse.

Delaney was accused of violating OCGA § 16-11-39 (a) (3), which provides:

> A person commits the offense of disorderly conduct when such person . . . [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words."

Under the statute, therefore, the words must be of a character that naturally tend to provoke violent resentment. Specifically, the words must be opprobrious or abusive, such that their mere utterance

---

[9] (Punctuation and footnote omitted.) *Gibbs v. State,* 257 Ga. App. 38, 39 (2) (570 SE2d 360) (2002).

tends to incite an immediate breach of the peace.[1] "To ensure no abridgment of constitutional rights, the application of OCGA § 16-11-39 [(a) (3)]'s proscription on 'fighting words' must necessarily be narrow and limited."[2] Viewed in accordance with these guidelines, the words uttered by Delaney, as demonstrated by the state's evidence, did not constitute "fighting words."

The evidence adduced at trial showed that on February 27, 2003, Corporal Brenda Carney, a Cobb County police officer, stopped a vehicle inside the entrance to a subdivision and was issuing a citation to the driver when Delaney pulled in behind her marked police car and started blowing his horn. Corporal Carney, who was sitting in her vehicle, testified that Delaney exited his vehicle and approached so near to her driver's side door that she could not open it without touching him. Corporal Carney asked Delaney to step aside and motioned for him to back away from the car. She exited the vehicle, and he began screaming and throwing his hands in the air. As for his specific statements, Corporal Carney testified that he said, "What the __." She did not know what word he uttered. She testified that Delaney was loud and obnoxious, and asked, "[w]hat are you doing parked in the middle of the roadway? I pay Cobb County taxes, and I'm trying to get home." For safety reasons, Corporal Carney ordered him to step to the back of the patrol car and to produce identification. Ultimately, her sergeant arrived on the scene, and Delaney calmed down. He apologized repeatedly.

"State law no longer criminalizes the use of unprovoked language threatening an immediate breach of peace ... unless such language also constitutes 'fighting words.' "[3] The words uttered by Delaney to the officer cannot fairly be characterized as "fighting words." Asking a police officer, "what are you doing parked in the middle of the roadway?" is neither abusive nor opprobrious. The question does not contain "words which as a matter of common knowledge and under ordinary circumstances ... naturally tend to provoke violent resentment."[4] Although the circumstances surrounding the utterance of the

---

[1] *Lundgren v. State*, 238 Ga. App. 425, 426 (518 SE2d 908) (1999).

[2] (Citation omitted.) Id.

[3] Id. at 427.

[4] Compare *Evans v. State*, 241 Ga. App. 32, 33 (3) (525 SE2d 780) (1999) (defendant responded to security officer's questions about stealing cotton candy by saying, "F--- that, that does not have s--- to do with us"); *Tucker v. State*, 233 Ga. App. 314, 317 (2) (504 SE2d 250) (1998) (defendant loudly called women in the bar "f---ing c--ts" and used phrase "f--- you" several times); *Anderson v. State*, 231 Ga. App. 807, 809 (1) (499 SE2d 717) (1998) (defendant called sheriff a "no-good son of a bitch" and threatened to kick his "ass"); *Brooks v. State*, 166 Ga. App. 704, 705 (305 SE2d 436) (1983) (defendant gestured at police officer and yelled to a crowd of 150 to 200 people that "(t)his man here is a dog"); *Bolden v. State*, 148 Ga. App. 315, 316 (4) (251 SE2d

words can be crucial,[5] and we certainly do not condone Delaney's conduct, circumstances cannot change harmless words into "fighting words."[6]

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 12, 2004.

*Gary W. Jones*, for appellant.

*Barry E. Morgan*, Solicitor-General, *Jeffrey B. Grable*, Assistant Solicitor-General, for appellee.

---

165) (1978) (woman called officer "son of a bitch," "motherfucker," "bastard," "motherfucking pig," and "pig").

[5] *Tucker*, supra.

[6] Delaney's loudness and his physical proximity to the corporal may have been sufficient to convict him of disorderly conduct by acting "in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health." OCGA § 16-11-39 (a) (1). But Delaney was not charged under paragraph (a) (1).