A06A0692. SANDIDGE v. THE STATE.
(630 SE2d 585)

BERNES, Judge.

Leora Sandidge appeals her conviction of disorderly conduct following a bench trial before the Clayton County State Court. Sandidge challenges the sufficiency of the evidence to support her conviction and further contends the state failed to prove venue beyond a reasonable doubt. Because we find the evidence was insufficient to prove Sandidge's guilt beyond a reasonable doubt, we reverse.

1. "On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence." (Citation omitted.) *Turner v. State*, 274 Ga. App. 731 (1) (618 SE2d 607) (2005). "We do not weigh the evidence or determine witness credibility, but only determine if

the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." (Citation omitted.) Id.

So viewed, the evidence adduced at trial showed that on the evening of May 2, 2005, Sandidge and her daughters were shopping at the Last Chance Thrift Store at 1241 Mt. Zion Road in Morrow. The store was about to close and the assistant manager instructed one of the cashiers to close the line for his register. When Sandidge's daughter later joined the line for the closed register, the assistant manager asked her to move to a different line. Sandidge's daughter complied, but Sandidge approached her daughter and told her "Hell no." When police officer J. Turner addressed Sandidge, she argued and waved her arms wildly in front of him. Sandidge said to Officer Turner, "Arrest me." After Sandidge refused to leave the store as requested, Officer Turner physically restrained her by her wrists and escorted her outside. Sandidge said, "Damn, I'm calling corporate office."

Sandidge was arrested and charged with disorderly conduct pursuant to OCGA § 16-11-39 (a) (3). The accusation alleged that "[Sandidge], on the 2nd day of May, 2005, in Clayton County, Georgia did, without provocation, use to or of another, to wit: J. Turner in such other's presence, opprobrious and abusive words, which by their very utterance, tend to incite an immediate breach of the peace."

OCGA § 16-11-39 (a) (3) provides:

> A person commits the offense of disorderly conduct when such person . . . [w]ithout provocation, uses to or of another person in such other person's presence, opprobrious or abusive words which by their very utterance tend to incite to an immediate breach of the peace, that is to say, words which as a matter of common knowledge and under ordinary circumstances will, when used to or of another person in such other person's presence, naturally tend to provoke violent resentment, that is, words commonly called "fighting words."

"To ensure no abridgment of constitutional rights, the application of OCGA § 16-11-39 (a) (3)'s proscription on 'fighting words' must necessarily be narrow and limited." (Punctuation and footnote omitted.) *Delaney v. State*, 267 Ga. App. 377, 378 (599 SE2d 333) (2004). To constitute "fighting words," "the words must be of a character that naturally tend to provoke violent resentment. Specifically, the words must be opprobrious or abusive, such that their mere utterance tends to incite an immediate breach of the peace." (Footnote omitted.) Id. at 377-378.

In determining whether utterances constitute "fighting words," this court has considered whether the language employed by the defendant subjected the person to "personal epithets or personal abuse." See *Crolley v. State*, 182 Ga. App. 2, 4 (2) (354 SE2d 864) (1987) (decided under former OCGA § 16-11-39 (1)). See also *Brooks v. State*, 166 Ga. App. 704, 705 (305 SE2d 436) (1983).[1]

Officer Turner, to whom Sandidge allegedly directed her opprobrious and abusive words, was not present at trial. Instead, the incident was described by the store employees, Sandidge's daughters, and Sandidge herself. A store employee testified that there had been a lot of yelling and screaming, but she did not hear exactly what was being said. The only statements shown in the evidence to have been uttered by Sandidge to Officer Turner were, "Arrest me" and "Damn, I'm calling corporate office."

We hold that Sandidge's utterances did not rise to the level of "fighting words," because they would not as a matter of common knowledge and under ordinary circumstances naturally tend to provoke violent resentment. Neither of the utterances was personally abusive toward or a personal epithet against Officer Turner. See *Crolley*, 182 Ga. App. at 4 (2). Compare *Anderson v. State*, 231 Ga. App. 807, 809 (1) (499 SE2d 717) (1998), abrogated on other grounds, *Golden Peanut Co. v. Bass*, 249 Ga. App. 224 (547 SE2d 637) (2001) (defendant's statements calling sheriff a "no-good son of a bitch" and threatening to kick his "ass" were fighting words); *Person v. State*, 206 Ga. App. 324, 325 (1) (425 SE2d 371) (1992) (fighting words found when defendant used profane, abusive language throughout the encounter with the officer and screamed in officer's face, "I'm not going to any g___ d___n jail and I'm not wearing any mother-f___g handcuffs" and threatened to "blow the officer's head off") (punctuation omitted); *Evans v. State*, 188 Ga. App. 347 (1) (373 SE2d 52) (1988) (defendant's statement calling police officer a "g___d___ liar" and telling all the officers at the scene to "f___ o___" were fighting words); *Brooks*, 166 Ga. App. at 705 (defendant's gesture at police officer and yelling to a crowd that "[t]his man here is a dog" constituted fighting words).

While "the circumstances surrounding the words can be crucial," (citation and punctuation omitted) *Tucker v. State*, 233 Ga. App. 314, 317 (2) (504 SE2d 250) (1998), "circumstances cannot change harmless words into 'fighting words.'" (Footnote omitted.) *Delaney*, 267 Ga. App. at 379. Here, Sandidge's waving arms did not convert her

---

[1] See *Turner*, 274 Ga. App. at 732-733 (1) (a); *Delaney*, 267 Ga. App. at 378, n. 4, for analysis of several fighting word cases.

inappropriate, but harmless words into fighting words. Our conclusion is buttressed by our holding in *Delaney* where in similar circumstances, we held that despite the defendant's conduct of "screaming and throwing his hands in the air" and being "loud and obnoxious," his specific statement of "What the ___" to the officer could not be characterized as "fighting words." Id. at 378-379.

As a result of the state's failure to prove that Sandidge's statements to Officer Turner were "fighting words" under OCGA § 16-11-39 (a) (3) as alleged in the accusation, we are constrained to reverse Sandidge's conviction.

2. In light of our decision reversing Sandidge's conviction in Division 1 above, we need not address Sandidge's claim as to the state's failure to prove venue beyond a reasonable doubt.

*Judgment reversed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 21, 2006.

*Hancock & Palmer, Mauri deWaun Gray*, for appellant.
*Leslie Miller-Terry, Solicitor-General, Maurice Brown, Assistant Solicitor-General*, for appellee.

A06A0283. IN THE INTEREST OF G. S., a child.
(630 SE2d 607)