# Court of Appeals
# of the State of Georgia

ATLANTA,  December 13, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0565, A19A0566. ROY BOONE BRIGHT v. THE STATE (TWO CASES).**

Roy Boone Bright represented himself at trial and was found guilty of burglary and theft. Bright filed a pro se motion for new trial. The trial court appointed counsel who filed an amended motion for new trial, asserting that Bright had not knowingly and intelligently waived his right to trial counsel. The trial court granted the motion for new trial. The trial court then conducted a *Faretta*[1] hearing at which Bright testified regarding his desire to represent himself in the subsequent trial. The trial court thus permitted Bright's appointed counsel to withdraw, and Bright filed multiple motions, including a motion to dismiss the charges against him and a motion to recuse the trial judge, both of which the trial court denied.

It is difficult to decipher Bright's pro se notices of appeal. But it appears he seeks to challenge the order denying his motion to recuse in Case Number A19A0565 and the order denying his motion to dismiss in Case Number A19A0566. Pretermitting the exact nature of the appeals, we lack jurisdiction.

When the trial court grants a criminal defendant's motion for new trial, the case is not final for purposes of filing a direct appeal. See *State v. Ware*, 282 Ga. 676, 677 (653 SE2d 21) (2007). Because Bright's criminal case remains pending before the trial court, Bright was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal. See OCGA § 5-6-34 (b); *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (a criminal case remains pending until the court enters a written judgment of conviction

---

[1] *Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LEd2d 562) (1975).

and sentence); *Crolley v. State*, 182 Ga. App. 2, 2-3 (1) (354 SE2d 864) (1987) (same).

Bright's failure to follow the requisite appellate procedure deprives us of jurisdiction to consider these appeals, which are hereby DISMISSED.[2]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/13/2018_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.

---

[2] The State has filed motions to dismiss the appeals, but on other grounds. In view of our dismissal order, the State's motions are hereby DISMISSED as moot.