# Court of Appeals
# of the State of Georgia

ATLANTA,_ June 26, 2019_____

*The Court of Appeals hereby passes the following order:*

**A19D0505. CALVIN SMITH v. THE STATE.**

In August 2011, Smith pled guilty to kidnapping and aggravated battery and was sentenced to 25 years to serve in prison. In July 2015, Smith filed a pro se motion seeking to withdraw his guilty plea and arguing that his sentence was void. The trial court denied the motion and this Court affirmed the denial in March 2016. Case No. A16A0622. The habeas court later granted Smith's habeas petition concluding that Smith's trial counsel rendered ineffective assistance in failing to inform him that the sentence imposed was not authorized and therefore void, and the trial court subsequently allowed Smith to withdraw his guilty plea. Thereafter, when the State attempted to bring the case to retrial, Smith filed multiple pretrial motions. The trial court denied those motions, and in 2016 and 2018, this Court dismissed multiple appeals filed by Smith. See Case Nos. A16A1128, A18A0636, A18A1120, A18A1314, and A18A1340. However, in June 2018, this Court affirmed the trial court's denial of Smith's motion to dismiss the indictment and several related claims. Case No. A18A0464.

Subsequent to this Court's opinion in Case No. A18A0464, Smith apparently filed additional motions in the trial court. On May 31, 2019, the trial court denied all of Smith's pending motions "not subject to prior rulings," without naming the motions specifically. Smith then filed a "Notice of Appeal" in this Court, which we docketed as an application for discretionary appeal. See OCGA § 5-6-37 (a notice of appeal must be filed with the clerk of the trial court, not in this Court); compare OCGA § 5-6-35 (d) (applications must be filed with this Court or the Supreme Court). Ten days

later, he filed, in this Court, a "Motion in Support of Discretionary Appeal and Motion for Extension of the Court Review/Order to Obtain Appellate Counsel (under the 6th Amendment)" presenting challenges to his prosecution and sentence. However, Smith's filings here do not include copies of the motions "that led directly to the order or judgment being appealed," as required by Court of Appeals Rule 31 (e). And, to the extent he moves for an extension of time to seek appellate counsel, he failed to file his motion as a separate document as required by Court of Appeals Rule 41 (b). See *Ridley v. Turner*, 335 Ga. App. 108, 113 (6) (778 SE2d 844) (2015). The State has filed a motion to dismiss Smith's application on grounds that he is represented by counsel and that the issues he raises here have been previously ruled upon.

Smith is currently awaiting trial. Because this action remains pending before the trial court, Smith was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the trial court's order denying his various motions. See OCGA § 5-6-34 (b); *Keller v. State*, 275 Ga. 680, 680-681 (571 SE2d 806) (2002) (a criminal case remains pending until the court enters a written judgment of conviction and sentence); *Crolley v. State*, 182 Ga. App. 2, 2-3 (1) (354 SE2d 864) (1987) (same). And, because Smith failed to include copies of the motions ruled upon by the trial court, we are unable to determine if any of them would have been directly appealable.

Smith's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this discretionary application, which is hereby DISMISSED. The State's motion to dismiss this application is hereby DENIED AS MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/26/2019_____*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*